UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

AMERICAN SOUTHERN
INSURANCE COMPANY,

       Plaintiff,

v.                               CASE NO. 3:14-cv-1312-J-34JBT

ENVIRONMENTAL INNOVATIONS,
INC., and JOHN FRENCH,

       Defendants.

_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Motion for Entry of Default

Judgment and Injunctive Relief ("Motion") (Doc. 16).  Plaintiff seeks entry of a final

default judgment against both Defendants, jointly and severally, in the amount of

$132,665.41.  (*See* Doc. 24.)[2]  Furthermore, Plaintiff seeks final injunctive relief

requiring Defendants to post collateral in the amount of $80,000 to protect against

potential bond claims, and prohibiting all transfers and encumbrances of their assets

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 14 days after being served with a copy."  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a).  "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).

[2] The Motion seeks only $122,007.01 in damages.  (Doc. 16 at 12.)  However, Plaintiff filed a Supplemental Request for Damages (Doc. 24) because it incurred an additional $10,658.40 in damages after filing the Motion.  (*Id.* at 1.)  Also, as mentioned further herein, Plaintiff's calculation of damages contains a mathematical error of 20 cents.

until they have done so.  (*Id.*)  Plaintiff also seeks a full accounting of Defendants' assets, and access to Defendants' books and records.  (*Id.*)  Finally, Plaintiff requests that the Court reserve jurisdiction to determine Plaintiff's right to attorneys' fees, to enforce Defendants' obligation to post security, and to amend the final judgment if Plaintiff suffers additional damages in the future.  (*Id.*)

## I.    Summary of Recommendation

For the reasons set forth herein, the undersigned respectfully recommends that the Motion be granted in part and denied in part as stated herein.  Specifically, the undersigned recommends that Plaintiff has stated a claim for breach of contract and proven damages that are capable of mathematical calculation.  Therefore, the undersigned recommends that default judgment be granted in favor of Plaintiff and against Defendants, jointly and severally, in the amount of $132,665.21 as to Count II of the Complaint.[3]

Additionally, the undersigned recommends that Plaintiff has sufficiently alleged the elements necessary for specific performance.  Therefore, the undersigned

---

[3] The undersigned recommends that a hearing regarding the requested relief is not necessary because Plaintiff requests damages in an amount subject to mathematical calculation, and because specific performance of a collateral security provision may be ordered without a hearing when the record establishes the appropriate amount of collateral to be posted.  *See Jenkins v. Clerk of Court, U.S. Dist. Court, S. Dist. of Fla.*, 150 F. App'x 988, 989 (11th Cir. 2005) ("A default judgment may only be entered without a hearing if the amount claimed is a liquidated sum or one capable of mathematical calculation."); *Allegheny Cas. Co. v. United Constr. Co. of Cent. Fla., Inc.*, Case No. 6:12-cv-1363-CEH-KRS, 2014 WL 440083, at *3, *10–11 (M.D. Fla. Feb. 3, 2014) (ordering collateral to be posted in an amount established by the record without a hearing).

recommends that default judgment be granted in favor of Plaintiff and against Defendants as to Count I of the Complaint, and that Defendants be required to post collateral, jointly and severally, in the total sum of $80,000 within 60 days from the entry of the Court's Order on this Report and Recommendation.

Finally, the undersigned recommends that the Court reserve jurisdiction to enforce Defendants' obligation to post collateral security, and that Plaintiff have 30 days from the entry of the Court's Order on this Report and Recommendation to file a motion for attorneys' fees and costs. The undersigned recommends that the Court deny Plaintiff's requests that the Court prohibit all transfers and encumbrances of Defendants' assets until Defendants have posted the required collateral, that the Court require a full accounting of all assets Defendants own and the disposition of any asset within the last 90 days, that the Court grant Plaintiff full access to Defendants' books and records, and that the Court reserve jurisdiction to consider amending the judgment to reflect additional damages Plaintiff may suffer in the future.

## II.     Background

Plaintiff brings this lawsuit against Defendants alleging claims for specific performance ("Count I"), breach of contract/contractual indemnity ("Count II"), *quia timet* ("Count III"), equitable subrogation ("Count IV"), exoneration ("Count V"), and common-law indemnity ("Count VI"). (*Id.* at 8–16.) In the Complaint, Plaintiff seeks an injunction requiring Defendants to post collateral (Counts I, III, V), preventing

3

Defendants from disposing of assets until collateral has been posted (Counts I & III), and requiring a full accounting and access to Defendants' books and records (Counts I & III). (*Id.*) Additionally, Plaintiff seeks damages (Counts II, IV, VI) and attorneys' fees (Counts I & II). (*Id.*)

According to the Complaint, Plaintiff issues payment and performance bonds in its capacity as a surety for certain contractors. (*Id.* at 2.) Defendant Environmental Innovations, Inc. ("EII") is a contractor that, along with its president, Defendant John French, entered into a General Agreement of Indemnity ("Agreement") (Doc. 1-2) with Plaintiff wherein Defendants agreed to indemnify Plaintiff for any losses resulting from Plaintiff's issuance of bonds to EII. (Doc. 1 at 2, Doc. 1-2.) Additionally, the Agreement provides that, if Plaintiff sets up a reserve to cover any claim under any bond issued by Plaintiff to EII, Defendants must post collateral security upon demand in an amount equal to that reserved by Plaintiff. (Doc. 1 at 3, Doc. 1-2 at 2.) Plaintiff ultimately issued six payment and performance bonds to EII for construction projects which have resulted or will result in damages to Plaintiff due to EII's failure to perform certain duties in connection with the projects. (Doc. 1 at 3–8.) Therefore, Plaintiff seeks damages for losses already incurred, as well as injunctive relief to mitigate possible future damages under the subject bonds.

### III.   Standard

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step

process for obtaining a default judgment.  First, when a defendant fails to plead or otherwise defend a lawsuit, the clerk of court is authorized to enter a clerk's default against the defendant.  *See* Fed. R. Civ. P. 55(a).  Second, after receiving the clerk's default, the plaintiff must apply to the court for a default judgment, except in limited circumstances when application may be made to the clerk.  *See* Fed. R. Civ. P. 55(b).  A default judgment may be entered "against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b).  A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue."  *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986).

All well-pleaded allegations of fact are deemed admitted upon entry of default, but before entering a default judgment, the court must ensure that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted.  *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see also GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) ("A default judgment cannot stand on a complaint that fails to state a claim.") (citations omitted).  A sufficient basis must exist in the pleadings for the judgment entered.  *See Nishimatsu Constr. Co.*, 515 F.2d at 1206.  A defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law."  *See id.*; *see also Danning v. Lavine*,

572 F.2d 1386, 1388 (9th Cir. 1978) (stating that "facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment").

Rule 8 provides that a complaint must include (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for relief.  *See* Fed. R. Civ. P. 8(a).  A complaint meets the requirements of Rule 8 if, in light of the nature of the action, the complaint provides factual allegations, which are assumed to be true, sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.").

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555.  Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," which simply "are not entitled to [an] assumption of truth." *Iqbal*, 556 U.S. at 664, 678.  Thus, in ruling on a motion for final default judgment, the Court must determine whether a sufficient factual basis exists in the complaint for a judgment to be entered. *See Nishimatsu Constr. Co.*, 515 F.2d at

1206.

Finally, when a plaintiff seeks the entry of a default judgment against an individual defendant, the plaintiff must comply with Section 521 of the Servicemembers Civil Relief Act, which requires, *inter alia*, the filing of an affidavit by the plaintiff:

> (A) stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or
>
> (B) if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service.

50 U.S.C. App'x § 521(b)(1).

## IV.    Analysis

First, the Court has diversity jurisdiction in this case pursuant to 28 U.S.C. § 1332 because the Complaint alleges that Plaintiff is a Kansas corporation, with its principal place of business in Atlanta, Georgia, that EII is a Florida corporation with its principal place of business in Florida, and that French is a Florida resident and citizen.  Furthermore, the Complaint alleges that the amount in controversy exceeds $75,000, exclusive of interest, attorneys' fees, and costs.  (Doc. 1 at 1–2.) Additionally, Plaintiff has established that service on both Defendants was proper (*see* Docs. 9, 10, 19-1, 19-2), and the Clerk has entered defaults against both Defendants (Doc. 15).  Plaintiff has also satisfied the requirements of the

Servicemembers Civil Relief Act.[4]  (Doc. 18-1.)

Further, as discussed below, Counts I & II adequately state a claim for which relief may be granted.  Plaintiff does not seek any additional relief in Counts III–VI that is not sought in Counts I & II (see Doc. 1 at 8–16), and Plaintiff does not specifically address the additional counts in the Motion.  Therefore, the undersigned does not address Counts III–VI and recommends that the Court need not do so.[5] The undersigned will address Count II before addressing Count I.

### A.    Count II - Breach of Contract

In Florida, "[t]he elements of a breach of contract action are (1) a valid contract; (2) a material breach; and (3) damages."  Beck v. Lazard Freres & Co., 175 F.3d 913, 914 (11th Cir. 1999) (applying Florida law).[6]  "A complaint need not allege an offer, acceptance, consideration, or a meeting of the minds but may instead generally allege the existence of a valid contract."  Gaines v. Robinson Aviation (RVA), Inc., Case No. 6:14-cv-391-Orl-40GJK, 2014 WL 6882934, at *3 (M.D. Fla.

---

[4] The undersigned ordered Plaintiff to file supplemental affidavits regarding service of process and the Servicemembers Civil Relief Act.  (Doc. 17.)  Plaintiff's supplemental affidavits (Docs. 18-1, 19-1, 19-2), read in conjunction with its previous affidavits (Docs. 9 & 10), cure the initial deficiencies noted by the undersigned in the previous Order.

[5] Additionally, Plaintiff has arguably waived these claims.  See DIRECTV, Inc. v. Stabile, Case No. 6:11-cv-1432-Orl-28KRS, 2012 WL 3037549, at *1 n.1 (M.D. Fla. July 3, 2012) ("Because [Plaintiff] moved for a default judgment only as to Count I, it has abandoned the other causes of action asserted in the complaint.").

[6] Because the Agreement upon which Counts I & II are based does not contain a choice of law provision and was "executed in Florida for work to be performed in Florida, under Florida choice of law rules, Florida substantive law applies."  See Allegheny Cas. Co., 2014 WL 440083, at *7.  (See Doc. 1-2 at 5; Doc. 1 at 3–7).

Dec. 4, 2014) (applying Florida law).  However, "in order to maintain an action for breach of contract, a claimant must first establish performance on its part of the contractual obligations imposed in the contract."  *Marshall Constr., Ltd. v. Coastal Sheet Metal & Roofing, Inc.*, 569 So. 2d 845, 848 (Fla. Dist. Ct. App. 1990).

In the Complaint, Plaintiff alleges that "on or about June 23, 2010, [Plaintiff and Defendants] executed a General Agreement of Indemnity" in which Defendants, upon Plaintiff's issuance of payment and performance bonds, "promised to indemnify [Plaintiff] for loss that [Plaintiff] incurs by reason of, among other things, executing bonds or enforcing the Indemnity Agreement."  (Doc. 1 at 2, 11.)  Plaintiff further alleges that, after it issued six payment and performance bonds, Defendants "have breached the Indemnity Agreement by, among other things: a. failing to resolve the claims, which forces [Plaintiff] to do so; b. failing to collateralize [Plaintiff] as demanded; and c. failing to indemnify [Plaintiff] from any and all other liability relating to [Plaintiff's] acting as a surety for EII."  (*Id.* at 11–12.)

Plaintiff alleges that, as a result of Defendants' breach, it "has suffered and will suffer damages, including but not limited to (1) completion costs for finishing several projects; (2) costs for resolving the several payment-bond claims, for which EII is primarily liable; and (3) attorneys' fees, consultants' fees, and other fees, costs, and expenses that [Plaintiff] has incurred and continues to incur."  (*Id.* at 12.)  The specific damages which have or will result from each project are also forth in the Complaint.  (*See id.* at 3–7.)  Additionally, Plaintiff has provided affidavits from

9

Edward Vollertsen, Vice President of Surety Bond Claims for Plaintiff, which state that Plaintiff has incurred damages in the total amount of $132,665.41, including $110,742.04 in payment bond claims, $3,587.84 in consultants' fees, and $18,335.53 in attorneys' fees to investigate and defend against the claims. (*See* Docs. 16-1, 21-1, 25-1.)

The undersigned recommends that Plaintiff's allegations sufficiently allege the existence of a valid contract, Plaintiff's performance under the contract, Defendants' material breach, and Plaintiff's damages. Additionally, the undersigned recommends that Plaintiff has sufficiently proven damages subject to mathematical calculation in the total amount of $132,665.21.[7] (*See* Docs. 21-1, 21-2, 25-2, 25-3.) Accordingly, the undersigned recommends that default judgment be entered as to Count II in favor of Plaintiff and against Defendants, jointly and severally, in the total amount of $132,665.21.[8]

## B.  Count I - Specific Performance

"The equitable remedy of specific performance may be granted at the

---

[7] The amount requested is twenty cents higher than the amount proven based on a scriveners error regarding the Parker Project which is reflected in the payment bond claims. (Compare Doc. 21-1 at 7 with Doc. 21-2 at 4.) Additionally, although there is some discrepancy regarding the exact amount of attorneys' fees sought (compare Doc. 16-1 at 6 and Doc. 21-1 at 7 with Doc. 16 at 12 and Doc. 25-1 at 3), the amount proven is $18,335.53. (*See* Doc. 25-2.) Accordingly, the undersigned calculated Plaintiff's total damages as follows: $110,741.84 in payment bond claims + $3,587.84 in consultants' fees + $18,335.53 in attorneys' fees = $132,665.21 in total damages.

[8] Although Plaintiff demands prejudgment interest in Count II of the Complaint (Doc. 1 at 12), it does not request this relief in the Motion.

discretion of the trial court if [Plaintiff] shows 1) [it] is clearly entitled to it, 2) there is

no adequate remedy at law, and 3) the judge believes that justice requires it."

*Allegheny Cas. Co.*, 2014 WL 440083, at *7 (quotations omitted).[9]

As stated above, Plaintiff has sufficiently alleged the existence of a valid

contract between itself and Defendants.  The Agreement, which is attached to the

Complaint, states, among other things:

> 2.     [Defendants] will indemnify and save [Plaintiff]
> harmless from and against every claim, demand, liability,
> cost, charge, suit, judgment and expense which [Plaintiff]
> may pay or incur in consequence of having executed, or
> procured the execution of, such bonds, or any renewals or
> continuations thereof or substitutes therefor, including fees
> of attorneys, whether on salary, retainer or otherwise, and
> the expense of procuring, or attempting to procure,
> release from liability, or in bringing suit to enforce the
> obligation of any of [Defendants] under this Agreement. In
> the event of payment by [Plaintiff], [Defendants] agree to
> accept the voucher or other evidence of such payment as
> prima facie evidence of the propriety thereof, and of
> [Defendants'] liability therefor to [Plaintiff].
>
> 3.     If [Plaintiff] shall set up a reserve to cover any claim,
> suit including Attorney's fees or judgment under any such
> bond, [Defendants] will, immediately upon demand,
> deposit with [Plaintiff] a sum of money equal to such
> reserve, such sum to be held by [Plaintiff] as collateral

---

[9] Alternatively, "[a] court may order specific performance if: (1) the obligations of the parties with respect to the conditions of the contract and actions to be taken by the parties are clear, definite, and certain; and (2) the party seeking specific performance satisfies the Court that there is no adequate remedy at law."  *See Lincoln Gen. Ins. Co. v. Dev. & Commc'ns Grp. of Fla., Inc.*, Case No. 09-20173-CIV, 2009 WL 1975455, at *2 (S.D. Fla. July 8, 2009).  The undersigned recommends that Plaintiff has shown entitlement to specific performance under either formulation of the standard.

> security on such bond, and such sum and any other money or property which shall have been, or shall hereafter be, pledged as collateral security on any such bond shall, unless otherwise agreed in writing by [Plaintiff], be available, in the discretion of [Plaintiff], as collateral security on any other or all bonds coming within the scope of this Agreement.

(Doc. 1-2 at 2.)

The Complaint further alleges that, "[b]efore filing this action, [Plaintiff] established a reserve and demanded that [Defendants] post collateral security to protect [Plaintiff] from loss and exposure to potential loss." (Doc. 1 at 9.) However, "[d]espite [Plaintiff's] demand, [Defendants] failed to provide sufficient collateral to [Plaintiff]." (*Id.*) Mr. Vollertsen's affidavits provide that Plaintiff's reserve created to cover claims and potential claims against the subject bonds totals $80,000. (Doc. 16-1 at 4, Doc. 21-1 at 4.)[10] Therefore, the undersigned recommends that the duties of the parties pursuant to the Agreement are clear, definite, and certain, and that Plaintiff is clearly entitled to receive $80,000 worth of collateral security from Defendants.

The Complaint further alleges that "[Plaintiff] lacks an adequate remedy at law and will be irreparably harmed if [Defendants] are not required to post collateral," and that "[a]bsent [Defendants] immediately posting collateral, [Plaintiff] will forever lose the negotiated, securitized position contemplated by the Indemnity Agreement."

---

[10] In his latest affidavit, Mr. Vollertsen states that the reserve created totals $126,000. (*See* Doc. 25-1 at 3, Doc. 25-4 at 2.) However, this discrepancy is of no consequence because Plaintiff seeks only $80,000 in collateral.

(Doc. 1 at 10.)  The undersigned recommends that Plaintiff has sufficiently alleged that it has and will suffer irreparable harm, and that it has no adequate remedy at law.  *See Travelers Cas. & Sur. Co. of Am. v. Indus. Commercial Structures, Inc.*, Case No. 6:12-cv-1294-Orl-28DAB, 2012 WL 4792906, at *3 (M.D. Fla. Oct. 9, 2012) ("[T]he nature of the injury in collateral security provision cases is the lack of collateralization while claims are pending, and nothing can remedy that injury after the fact.").

Further, because Plaintiff's allegations regarding damages and irreparable harm are now deemed admitted, the undersigned recommends that the interests of justice require specific performance of the collateral security provision of the Agreement.  *See Allegheny Cas. Co.*, 2014 WL 440083, at *8 ("When . . . Defendants admit that their surety has incurred losses, courts have found that the interests of justice support specific performance.").  Accordingly, the undersigned recommends that default judgment be entered as to Count I, and that Defendants be required to post $80,000 worth of collateral security in accordance with the Agreement.  *See Travelers Cas. & Sur. Co. of Am.,* 2012 WL 4792906, at *2 ("[S]ureties are ordinarily entitled to specific performance of collateral security clauses . . . because [i]f a creditor is to have the security position for which he bargained, the promise to maintain the security must be specifically enforced.")

(quotations omitted).[11]

## C.    Additional Injunctive Relief

As explained by the Eleventh Circuit:

> The decision to grant a permanent injunction must be
> based on the plaintiffs' demonstration: (1) that [the
> plaintiffs have] suffered an irreparable injury; (2) that
> remedies available at law, such as monetary damages,
> are inadequate to compensate for that injury; (3) that,
> considering the balance of hardships between the
> plaintiff[s] and defendant[s], a remedy in equity is
> warranted; and (4) that the public interest would not be
> disserved by a permanent injunction.

*Broad. Music, Inc. v. Evie's Tavern Ellenton, Inc.*, 772 F.3d 1254, 1261 (11th Cir.

2014).

Plaintiff requests that the Court "prohibit all transfers and encumbrances of

[Defendants'] assets" until Defendants have posted the required collateral, that the

Court "require a full accounting of all assets [Defendants] own and the disposition

of any asset within the last 90 days," and that the Court grant it "full access to

[Defendants'] books and records." (Doc. 16 at 12.)  The undersigned recommends

---

[11] The undersigned further recommends that Defendants' ability to post the required collateral, while potentially relevant to enforcement proceedings, is a separate issue from whether the Court should order the posting of collateral.  *See Liberty Mut. Ins. Co. v. Aventura Eng'g & Constr. Corp.*, 534 F. Supp. 2d 1290, 1322, 1326 (S.D. Fla. 2008) (ordering the defendant to post collateral security even though the defendant's financial condition was poor, and stating that it "need not decide at this time what relief will be appropriate" if the defendant did not comply).  *See also Liberty Mut. Ins. Co. v. Aventura Eng'g & Constr. Corp.*, Case No. 06-22494-CIV, 2009 WL 3190962 (S.D. Fla. Sept. 15, 2009) (addressing a party's ability to post collateral in a post-judgment motion to enforce an order requiring the same).

that Plaintiff has not sufficiently shown entitlement to this injunctive relief.  Moreover, as the undersigned is recommending that a judgment for damages be entered, Plaintiff can obtain much of this relief through post-judgment discovery.

First, the only allegation in the Complaint which arguably pertains to this relief is that "[i]f the requested relief is not granted, [Defendants] may sell, transfer, dispose, lien, secure, or otherwise divert assets, thereby preventing [Plaintiff's] access to these assets . . . ." (Doc. 1 at 9.)  This speculative and conclusory allegation is insufficient to support the relief requested.  *See, e.g.*, *Travelers Cas.& Sur. Co. of Am.*, 2012 WL 4792906, at *4 (ordering a party to post collateral but specifically declining to prohibit the transfer of that party's assets, require an accounting, or allow access to that party's books and records).

Next, although requested in the Motion, Plaintiff makes no specific argument regarding entitlement to any of this relief.  Plaintiff has not cited, and the undersigned has not found, a case in the Eleventh Circuit in which a court has granted this relief in connection with a final judgment.  *See, e.g.*, *Liberty Mut. Ins., Co.*, 534 F. Supp. 2d at 1326 (ordering entry of judgment for damages and additionally requiring only that collateral be posted by a given deadline); *Allegheny Cas. Co.*, 2014 WL 440083, at *3 (same).  Moreover, it appears that Plaintiff can obtain much of this relief through post-judgment discovery or other proceedings, particularly because, as explained below, the undersigned also recommends that the Court retain jurisdiction to enforce Defendants' obligation to post collateral security.  For these reasons, the

15

undersigned recommends that this relief be denied.

### D.    Reserving Jurisdiction

Plaintiff also requests that the Court reserve jurisdiction to determine its entitlement to attorneys' fees incurred in this action.   (Doc. 16 at 12.)   The undersigned recommends that this request be granted.  Plaintiff also requests that the Court reserve jurisdiction to enforce Defendants' collateral security obligation. (*Id.*)  The undersigned recommends that this request also be granted.  *See, e.g.*, *Liberty Mut. Ins. Co.*, 534 F. Supp. 2d at 1326 (retaining jurisdiction to enforce its orders in an analogous case); *Liberty Mut. Ins. Co.*, 2009 WL 3190962 (addressing a post-judgment motion to enforce an order requiring the posting of collateral security).

Finally, Plaintiff requests that the Court reserve jurisdiction "to consider amending the judgment to reflect additional damages [Plaintiff] suffers, if any." (Doc. 16 at 12.)  In denying a similar request by a surety in an analogous case, one court in this district has explained:

> Any request for amendment of the judgment will be governed by applicable legal standards set forth in the Federal Rules of Civil Procedure.  This Court will not at this time enter an advisory opinion as to whether amendment may be permissible, much less a *carte blanche* directive purporting to suspend operation of the Rules to guarantee [the surety's] ability to backtrack to amend the judgment upon request.  Should [the surety] seek amendment of the judgment at some point, it will be expected to buttress its position by citation to appropriate authorities.

16

*Allegheny Cas. Co.*, 2014 WL 440083, at *13 (quoting *Guarantee Co. N. Am. USA Co. v. Gadcon, Inc.*, Case No. 09-0813-WS-M, 2010 WL 2202805, at *6 n.14 (S.D. Ala. May 28, 2010)).   The undersigned recommends that this reasoning is persuasive and that this request be denied.

### V.    Conclusion

For the reasons stated above, the undersigned recommends that default judgment be granted in favor of Plaintiff and against Defendants, jointly and severally, in the amount of $132,665.21 as to Count II.  Additionally, the undersigned recommends that default judgment be granted in favor of Plaintiff and against Defendants as to Count I, and that Defendants be required to post collateral, jointly and severally, in the total sum of $80,000 within 60 days from the entry of the Court's Order on this Report and Recommendation.[12] Finally, the undersigned recommends that Plaintiff have 30 days from the entry of the Court's Order on this Report and Recommendation to file a motion for attorneys' fees and costs.

Accordingly, it is respectfully **RECOMMENDED** that:

1.    The Motion (**Doc. 16**) be **GRANTED in part** as stated herein.

2.    The Court enter an Order stating substantially the following:

"a.    The Clerk of Court is directed to enter judgment in favor of

---

[12] It appears that other courts granting similar relief have ordered the relief separate from the entry of judgment, rather than directing the Clerk to include the relief in the judgment itself.  *See, e.g.*, *Liberty Mut. Ins., Co.*, 534 F. Supp. 2d at 1326; *Allegheny Cas. Co.*, 2014 WL 440083, at *3.

Plaintiff American Southern Insurance Company and against Defendants Environmental Innovations, Inc., 4593 Tarragon Ave., Middleburg, Florida 32068, and John French, 4593 Tarragon Ave., Middleburg, Florida 32068, jointly and severally, in the total amount of $132,665.21, plus costs pursuant to 28 U.S.C. § 1920.  Post-judgment interest will accrue at the statutory rate set forth in 28 U.S.C. § 1961.

b.      Defendants Environmental Innovations, Inc. and John French shall post with Plaintiff American Southern Insurance Company collateral, jointly and severally, in the amount of $80,000.00 within 60 days from the entry of the Court's Order on this Report and Recommendation.  The Court retains jurisdiction to enforce this Order.

c.      Plaintiff may file a motion for attorneys' fees within 30 days from the entry of the Court's Order on this Report and Recommendation.

d.      The Clerk of Court is further directed to terminate any pending motions and close the file."

3.      The Motion (**Doc. 16**) be **DENIED** in all other respects.

**DONE AND ENTERED** at Jacksonville, Florida, on May 20, 2015.

JOEL B. TOOMEY
United States Magistrate Judge

18

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record

Environmental Innovations, Inc.
4593 Tarragon Ave.
Middleburg, Florida 32068

John French
4593 Tarragon Ave.
Middleburg, Florida 32068