UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

AMERICAN SOUTHERN
INSURANCE COMPANY,

    Plaintiff,

v.                                        CASE NO. 3:14-cv-1312-J-34JBT

ENVIRONMENTAL INNOVATIONS,
INC., and JOHN FRENCH,

    Defendants.
_____/

### REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Amended Motion for Attorneys' Fees and Costs ("Motion") (Doc. 50).[2] For the reasons set forth herein, the undersigned respectfully **RECOMMENDS** that the Motion be **GRANTED** and that judgment be entered in favor of Plaintiff and against Defendants, jointly and severally, in the total amount of $7,818.50, representing $7,591.00 in attorneys' fees

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

[2] Although default judgment has already been entered against Defendants, they were served with the Motion (Doc. 50 at 6), but have not responded.

and $227.50 in costs.[3]

## I. Background

According to the Complaint, Plaintiff issues payment and performance bonds in its capacity as a surety for certain contractors. (Doc. 1 at 2.) Defendant Environmental Innovations, Inc. ("EII") is a contractor who, along with its president, Defendant John French, entered into a General Agreement of Indemnity ("Agreement") (Doc. 1-2, Doc. 50-1) with Plaintiff wherein Defendants agreed to indemnify Plaintiff for any losses resulting from Plaintiff's issuance of bonds to EII. (Doc. 1 at 2, Doc. 1-2.) Additionally, the Agreement provided that, if Plaintiff set up a reserve to cover any claim under any bond issued by Plaintiff to EII, Defendants must post collateral security upon demand in an amount equal to that reserved by Plaintiff. (Doc. 1 at 3, Doc. 1-2 at 2.) Plaintiff ultimately issued six payment and performance bonds to EII for construction projects which resulted in damages to Plaintiff due to EII's failure to perform certain duties in connection with the projects. (Doc. 1 at 3–8.)

Plaintiff brought the instant action seeking to enforce Defendants' obligations under the Agreement (Doc. 1), and Defendants defaulted in this action (Doc. 15). On May 20, 2015, a Report and Recommendation (Doc. 26), which was adopted by the Court (Doc. 27), was entered recommending that default judgment be granted

---

[3] The minor differences between the amounts requested and the amounts recommended by the undersigned are explained in footnotes 8 and 9.

in favor of Plaintiff and against Defendants in the total amount of $132,665.21 as to Plaintiff's breach of contract claim, and that Defendants be required to post $80,000 worth of collateral security in accordance with the Agreement as to Plaintiff's claim for specific performance. (Doc. 26.) Pursuant to the Agreement, Plaintiff now seeks to recover attorneys' fees and costs incurred in the prosecution of this action after October 2014.[4]  (Doc. 50.)

## II.   Analysis

The Agreement states in relevant part:

> [Defendants] will indemnify and save [Plaintiff] harmless from and against every claim, demand, liability, cost, charge, suit, judgment and expense which [Plaintiff] may pay or incur in consequence of having executed, or procured the execution of, such bonds, or any renewals or continuations thereof or substitutes therefor, including fees of attorneys, whether on salary, retainer or otherwise, and the expense of procuring, or attempting to procure, release from liability, or in bringing suit to enforce the obligation of any of [Defendants] under this Agreement.

(Doc. 50-1 at 1.) For the reasons set forth below, the undersigned recommends that Plaintiff is entitled to recover its reasonable attorneys' fees and costs incurred in prosecuting this action after October 2014.

### A.   Attorneys' Fees

"[I]t is well settled under Florida law that the indemnitee may recover

---

[4] As explained in the Court's September 14, 2015 Order (Doc. 49), Plaintiff has already been compensated for its attorneys' fees and costs incurred through October 2014 in this action. (*Id.* at 3–4.)

reasonable attorney's fees from the indemnitor.  Generally, reasonable attorney fees may be recovered in an indemnity action whether the indemnity is implied by law or arises from contract."[5]  *Sorvillo v. Ace Hardware Corp.*, Case No. 2:13-cv-629-FtM-29DNF, 2014 WL 2506138, at *3 (M.D. Fla. June 3, 2014) (quotations omitted).  Plaintiff brought the instant action to enforce Defendants' obligations under the Agreement.  Therefore, Plaintiff is entitled to recover from Defendants its reasonable attorneys' fees pursuant to the Agreement.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed."  *Id.*  Although counsel "is not required to record in great detail how each minute of his time was expended[,] . . . counsel should identify the general subject matter of his time expenditures."  *Id.* at 437 n.12.  In support of Plaintiff's request, Plaintiff's counsel have submitted their billing records (Doc. 52), an affidavit in support thereof (Doc. 50-2), and an affidavit of an attorney from a different firm attesting to the reasonableness of the fees and costs sought (Doc. 50-3).

In determining reasonable hourly rates, the Court considers "the prevailing market rate in the relevant legal community for similar services by lawyers of

---

[5] As explained in a prior Report and Recommendation, Florida substantive law applies in this diversity action.  (Doc. 26 at 8 n.6.)

reasonably comparable skills, experience, and reputation." *See Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988).  Here, the shareholder responsible for the case, Brett D. Divers, has been practicing for 23 years, with 22 years of experience litigating actions similar to this one, and his rate is $295.00 per hour.  (Doc. 50-2 at 1–2.)  The associate who worked on this case, Matthew G. Davis, has a rate of $230.00 per hour.[6]  (*Id.* at 2.)  An attorney from another firm with 16 years of experience attests to the reasonableness of the rates (Doc. 50-3).  The undersigned recommends that the rates of $295.00 per hour for Mr. Divers and $230.00 per hour for Mr. Davis are reasonable in this case.

Reasonable hours expended are those that are not "excessive, redundant or otherwise unnecessary" and that reflect the attorney's "billing judgment."  *See Norman*, 836 F.2d at 1301 (quotations omitted).  Upon review, the undersigned recommends that the hours expended in prosecuting this action after October 2014 are reasonable.  (Doc. 52 at 45–50.)  Although some of the hours billed relate to a Motion for Preliminary Injunction (Doc. 7) that was later withdrawn because Defendants were in default (Docs. 12 & 13), the undersigned recommends that these hours were reasonable.  All but 0.5 hours related to that motion were billed prior to Defendants' deadline to respond to the Complaint.  (*See* Doc. 52 at 45–46.)

---

[6] Although Mr. Davis's experience is not provided, the undersigned takes judicial notice of counsel's and the Florida Bar's websites, which provide that Mr. Davis graduated from law school in 2008, was admitted to the Florida Bar the same year, and has been litigating actions similar to this one since at least 2011.  *See* www.mpdlegal.com; www.floridabar.org.

The remaining 0.5 hours were billed one business day after Defendants' responses to the Complaint were due.[7] Therefore, the undersigned recommends that it was reasonable for Plaintiff's counsel to prepare the subject motion in anticipation of Defendants appearing and defending this action.

Additionally, although included as a cost, a paralegal billed 0.1 hours at $125 per hour to obtain a status report regarding Defendant John French's military status. (*Id.* at 48.) To the extent they are recoverable, paralegal fees are more appropriately considered as attorneys' fees rather than costs. *See Allen v. U.S. Steel Corp.*, 665 F.2d 689, 697 (5th Cir. 1982) ("Even though separately billed to the client, paralegal expenses are not 'costs' within the meaning of Rule 54(d).  Such expenses are separately recoverable only as part of a prevailing party's award for attorney's fees and expenses . . . ."). "Paralegal fees can be recovered only to the extent that the paralegal performs work traditionally done by an attorney, which includes factual investigation . . . ." *Williams v. R.W. Cannon, Inc.*, 657 F. Supp. 2d 1302, 1310 (S.D. Fla. 2009) (citation and quotations omitted).  The undersigned recommends that the paralegal's fees are recoverable because the paralegal was investigating facts, and the rate and time billed were reasonable.

Thus, the undersigned recommends that the rates, as well as the hours billed

---

[7] Defendants were served on November 6, 2014.  (Docs. 9 & 10.)  Their responses to the Complaint were due Friday, November 28, 2014 because the Thanksgiving holiday fell on November 27.  The final 0.5 hours were billed on Monday, December 1, 2014. (Doc. 52 at 46.)

by Plaintiff's counsel in this action after October 2014, are reasonable. Therefore, the undersigned recommends that Plaintiff is entitled to $7,591.00 in attorneys' fees.[8]

### B. Costs

Plaintiff also seeks to recover $240.00 in costs incurred in prosecuting this action after October 2014 pursuant to the Agreement. Although Plaintiff is entitled to costs as a prevailing party pursuant to 28 U.S.C. § 1920 (Doc. 28 at 1), the undersigned recommends that it is not limited to only those costs because the Agreement provides that Plaintiff may recover "every . . . cost, charge, . . . and expense" incurred "in bringing suit to enforce the obligation of any of [Defendants] under this Agreement." (Doc. 50-1 at 1.) *See Branch Banking & Trust Co. v. Nat'l Fin. Servs., LLC*, Case No. 6:13-cv-1983-Orl-31TBS, 2015 WL 1862909, at *3 (M.D. Fla. Apr. 23, 2015) (a prevailing plaintiff seeking costs pursuant to a contract was not limited to recovering only those costs enumerated in section 1920); *Air Turbine Tech., Inc. v. Atlas Copco AB*, Case No. 01-8288-CIV, 2008 WL 544731, at *1–4 (S.D. Fla. Feb. 26, 2008) (reversed in part on other grounds by *Air Turbine Tech., Inc. v. Atlas Copco AB*, 336 F. App'x 986 (Fed. Cir. 2009)) (same). However, the costs awarded to Plaintiff must be reasonable. *See Air Turbine Tech., Inc.*, 2008 WL 544731, at *2 ("[A] reasonableness element must be read into the contract provision [providing for the recovery of costs].").

---

[8] This represents the $7,578.50 requested in the Motion plus the $12.50 in paralegal fees improperly included with costs.

Specifically, Plaintiff seeks $100.00 for service of process on Defendants, $20.70 for PACER fees, $67.18 for Westlaw research, $1.17 for long distance telephone charges, $39.43 for Federal Express shipping to the Court, and $12.50 in paralegal fees. (*See* Doc. 52 at 45–50.) Although not all of these costs may generally be recoverable pursuant to 28 U.S.C. § 1920, the undersigned recommends that, with the exception of the $12.50 in paralegal fees addressed above, the costs sought in this action after October 2014 are reasonable and are thus recoverable pursuant to the Agreement. Therefore, the undersigned recommends that Plaintiff is entitled to recover $227.50 in costs.[9]

Accordingly, it is respectfully **RECOMMENDED** that:

The Court enter an Order **GRANTING** the Motion (**Doc. 50**) and also stating substantially the following:

"The Clerk of Court is directed to enter judgment in favor of Plaintiff American Southern Insurance Company and against Defendants Environmental Innovations, Inc., 4593 Tarragon Ave., Middleburg, Florida 32068, and John French, 4593 Tarragon Ave., Middleburg, Florida 32068, jointly and severally, in the total amount of $7,818.50, representing $7,591.00 in attorneys' fees and $227.50 in costs. Post-judgment interest will accrue at the statutory rate set

---

[9] Using Plaintiff's calculation, which includes the $12.50 in paralegal fees, Plaintiff actually incurred $240.98 in costs. (*See* Doc. 52 at 45–50.) However, Plaintiff seeks only $240.00 in costs. (Doc. 50 at 4.) Therefore, the undersigned has subtracted the $12.50 in paralegal fees from the $240.00 requested to arrive at $227.50.

forth in 28 U.S.C. § 1961."

**DONE AND ENTERED** at Jacksonville, Florida, on November 2, 2015.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record

Environmental Innovations, Inc.
4593 Tarragon Ave.
Middleburg, Florida 32068

John French
4593 Tarragon Ave.
Middleburg, Florida 32068